**Amy SHACKLEFORD, Plaintiff–Appellant,**

v.

**Aaron GUTERMUTH, Officer, Defendant–Appellee.**

No. 02–6209.

United States Court of Appeals, Sixth Circuit.

March 24, 2004.

Before BATCHELDER, GIBBONS, and COOK, Circuit Judges.

COOK, Circuit Judge.

Amy Shackleford appeals (1) the dismissal of her 42 U.S.C. § 1983 claim against officer Aaron Gutermuth for false arrest, and (2) the denial of her motion to amend her complaint to add claims under the Americans with Disabilities Act against Gutermuth's employer, the Oldham County (Kentucky) Police Department, for failing to accommodate her multiple sclerosis when deciding whether to arrest her for driving under the influence.

The district court based its decision to dismiss Shackleford's claim on the Supreme Court's *Heck v. Humphrey* decision, which held that a plaintiff is barred from bringing claims under § 1983 that would necessarily imply the invalidity of a criminal conviction or sentence. 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). When the district court here issued its opinion, Shackleford was facing a careless driving charge stemming from the same circumstances that gave rise to her claim of false arrest. A Kentucky jury has since found Shackleford not guilty of the careless driving charge. Accordingly, we need not decide whether the district court correctly concluded that *Heck* barred Shackleford's claim while the careless driving charge was pending; the jury's acquittal means that a finding for Shackleford on her § 1983 claim would invalidate no pending or existing criminal charge or conviction. We therefore vacate the district court's dismissal of Shackleford's § 1983 claim and remand for further proceedings. Similarly, the district court's reason for denying Shackleford's motion to amend her complaint–that *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), would require federal court abstention so long as a state criminal proceeding was ongoing–no longer exists. Thus, we reverse the district court's denial of Shackleford's motion to amend and remand for further consideration.